IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRET JOHNSON, MARGARET YELDELL,
AND MARNECIO DUFF, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED          PLAINTIFFS

VS.                                          NO. 1:15CV20-SA-DAS

VECTOR TRANSPORTATION CO. AND
JOSEPH D. ESTESS                                     DEFENDANTS

**AGREED ORDER APPROVING JOINT MOTION FOR APPROVAL OF
COLLECTIVE ACTION SETTLEMENT, AND DISMISSING CASE**

BEFORE THE COURT is the Joint Motion for Approval of Collective Action Settlement ("Joint Motion") submitted by the parties herein, and after having duly considered said Joint Motion the Court finds that said Joint Motion is well taken and should be granted in its entirety. It is, therefore,

ORDERED AND ADJUDGED AS FOLLOWS:

1. Vector Transportation Co. ("Vector") is a freight brokerage company that manages the transportation of various product and/or loads for shippers and manufacturers throughout the continental United States. Vector employees are divided into two categories: (1) shipper support and (2) carrier support. Shipper support employees are responsible for contacting and negotiating with manufacturers and shippers in order to enter into formal agreements to manage their freight. Carrier support employees are responsible for contacting carriers and trucking companies and negotiating rates in order to transport the loads received from Vector customers. Plaintiffs are former employees of Vector who worked as freight brokers in either shipper support or carrier support during the three (3) year period preceding filing of the complaint in this cause on January

1

23, 2015. The basis of Plaintiffs' claims was an allegation that Vector failed to properly compensate Plaintiffs for all their overtime hours in violation of the FLSA; Plaintiff sought recovery of allegedly unpaid overtime hours, liquidated damages and attorney's fees. Defendants adamantly denied these allegations, and raised a number of defenses including but not limited to the administrative exemption, statute of limitations and good faith.

2. On October 28, 2015, the parties participated in a full day settlement conference. This was the parties' initial attempt at alternative resolution, although the parties had privately exchanged significant and detailed information in support of their claims and defenses and had engaged in private settlement discussions. The parties understood the strengths and weaknesses of their respective positions and the settlement conference proved successful as the parties reached an agreement. The parties have agreed to a Release and Settlement Agreement and to its terms; a non-executed Release and Settlement Agreement in final form is attached as Exhibit "A" to the Joint Motion, being filed under seal to protect the confidentiality agreement of the parties. The court has reviewed the terms and conditions of said Release and Settlement Agreement.

3. The Settlement proposed by the parties will encompass all claims asserted by the Plaintiffs herein, as well as all claims which could have been asserted by said Plaintiffs against Defendants. The sole exception to this broad release is that Plaintiff Margaret Yeldell has filed a separate E.E.O.C. claim (which Vector has responded to) and which is presently pending before the E.E.O.C. That claim is excluded from the scope of the settlement referenced herein.

4. It is anticipated that settlement will be completed within thirty (30) days after the date of entry of this Agreed Order.

5. The court finds that the Parties have carefully negotiated, in good faith and at arms-length, a settlement of the claims of each of the Plaintiffs in order to achieve a fair and reasonable compromise of the disputed issues of fact and law and in order to finally and fully resolve their FLSA claims against the Defendants. Unlike settlements under Fed. R. Civ. P. 23, FLSA settlements are not subject to a two-stage process of preliminary approval followed by final approval, and no final fairness hearing is required. See <u>Collins v. Sanderson Farms, Inc.</u>, 586 F. Supp. 2d 714, 721-722 (E.D. La. 2008).

6. To evaluate approval of an FLSA settlement, the district court must evaluate whether it is a fair and reasonable resolution of a bona fide dispute. <u>Jarrard v. Southeastern Shipbuilding Corporation</u>, 163 F.2d 960, 961 (5th Cir. 1947). In <u>Altier v. Worley Catastrophe Response, LLC et al</u>, 2012 U.S Dist. LEXIS 6391 *47 (E.D. La. 2012), that court reiterated that the "institution of a federal court litigation followed by aggressive prosecution and strenuous defense demonstrates the palpable bona fides" of a dispute. If a settlement in an FLSA lawsuit reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the District Court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350, 1354 (11th Cir. 1982).

7. The 5th Circuit holds that the determination of the fairness of a settlement agreement is left to the sound discretion of the Court, and an appellate court will not overturn the Court's decision absent a clear showing of abuse of that discretion. See <u>Miller v. Republic Nat'l Life Ins. Co.</u>, 559 F.2d 426, 429 (5th Cir. 1977); <u>Reed v. General Motors Corp.</u>, 703 F.2d 170, 172 (5th Cir. 1983).

8. Further, the Fifth Circuit has adopted a liberal threshold for settlement of FLSA

1892769

claims, even permitting parties to privately settle claims without court approval. See <u>Martin v. Spring Break '83 Productions, LLC, et al</u>, 688 F.3d 247 (5th Cir. 2012); <u>Sepulveda v. Southwest Bus. Corp.</u>, 2009 U.S. LEXIS 93072 n.1 (W.D. Tex. 2009); <u>Martinez v. Bohls Bearing Equip. Co.</u>, 361 F.Supp.2d 608 (W.D. Tex. 2005). The Fifth Circuit has repeatedly held that settlements "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." <u>Miller</u>, 559 F.2d at 428 (quoting <u>Pearson v. Ecological Sci. Corp.</u>, 559 F.2d 171, 176 (5th Cir. 1975)). "Settlement agreements have always been a favored means of resolving disputes" in the Fifth Circuit. <u>Thomas v. State</u>, 534 F.2d 613, 615 (5th Cir. 1976); <u>see, e.g.</u>, <u>United States v. City of Miami</u>, 614 F.2d 1322, 1334 (5th Cir. 1980) ("Settlement of lawsuits by agreement has always been favored"). This principal is no different in the context of an FLSA claim. See <u>Vargas v. HEB Grocery Co., LP, et al</u>, 2012 U.S. Dist. LEXIS 132030 *15 (W.D. Tex. 2012) (citing <u>Martin</u> and holding that opt ins who had previously participated in a settlement of their claims in other proceedings had "waived any FLSA claims").

9. The court expressly finds that in this case, a bona-fide-dispute exists related to both Defendants' purported liability and the amount of Plaintiffs' pay potentially owed under the FLSA. Specifically, Plaintiffs alleged that they were not compensated for all of their overtime hours worked, including time spent "on call". Defendants vehemently deny that Plaintiffs are entitled to any overtime compensation, assert that Plaintiffs qualify for an administrative exemption, and deny that they failed to appropriately compensate Plaintiffs. Defendants further dispute that Plaintiffs are entitled to overtime compensation for any alleged time spent "on call" based on the facts and requirements of Plaintiff's employment and the "waiting to be engaged" and "homeworker's exception", among other defenses. Given the nature of the parties' various claims and defenses, the court finds that the proposed settlement constitutes a fair and reasonable

compromise of all issues in this case.

10. A "strong initial presumption" of fairness arises where the parties can show that "the settlement was reached after arm's-length negotiations, that the proponents' attorneys have experience in similar cases, and that there has been sufficient discovery to enable counsel to act intelligently." See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship, 100 F. 3d 1041, 1043 (1st Cir. 1996). There is a "strong presumption" in favor of finding such arms-length settlements to be fair. Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977). The non-exhaustive list of factors courts typically consider in evaluating a proposed settlement for fairness include the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed; the stage of the proceedings; and the experience and views of counsel. See Trinh v. JPMorgan Chase & Co., No. 07-CV-01666 W(WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009) (citing Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993)). Here, the court finds that each of these factors are met.

11. In this case, Defendants' liability for overtime wages under the FLSA was a hotly contested issue. Defendants contend that Plaintiffs were compensated appropriately. If this case were to move forward without an agreement between the parties, the parties estimate that the expenses of litigation would be hundreds of thousands of dollars. If this matter did not settle the parties will be required to engage in lengthy additional litigation including discovery and expert retention. The court finds that approving this agreement satisfies judicial economy and fairness.

12. Additionally, this agreement has been reached after the parties have engaged in extensive exchange of information and factual investigations. Significant documents have been exchanged and reviewed. Counsel has interviewed many witnesses. As such, counsel for the parties have extensive information from which to evaluate the factual and legal basis of the

1892769

claims. With this information, the court finds that the parties negotiated a fair, arms-length settlement agreement.

13. At all times during this case, Plaintiffs and Defendants have been fully and adequately represented by counsel with prior experience litigating overtime wage claims under the FLSA. Where experienced counsel representing the interested parties have negotiated the settlement at arm's length, a strong presumption exists that the compromise is fair and reasonable. <u>United States v. Tex. Educ. Agency</u>, 679 F.2d 1104, 1108 (5th Cir. 1982); <u>Murillo v. Texas A&M Univ. Sys</u>., 921 F. Supp. 443, 445 (S.D. Tex. 1996). The Fifth Circuit has recognized that courts must rely to a large degree on the judgment of competent counsel. <u>Reed v. General Motors Corp.</u>, 703 F.2d 170, 172 (5th Cir. 1983).

The court finds that is exactly what occurred here. Counsel for the parties extensively negotiated this agreement with the help of the Court. They believe this agreement is a reasonable compromise of these issues. The Parties uniformly believe they have reached a fair and equitable resolution of this matter given the facts of this case and the legal issues involved, and the court agrees.

14. The court further finds that the proposed distribution to each of the Plaintiffs is fair and equitable. The parties have agreed to a total settlement payment by Defendants as set forth in the separate Release and Settlement Agreement filed under seal. Plaintiffs' counsel shall be paid attorneys' fees and expenses from the settlement amount in an amount set forth in the Release and Settlement Agreement, and the remaining sums will be paid to Plaintiffs (in a manner agreed upon by Plaintiffs and their counsel) to resolve their claims. The court finds that the settlement amount agreed to by the parties is significant, and is well within the range of a fair and reasonable recovery for the Plaintiffs.

1892769

15. The court finds that Plaintiffs' recovery is substantial, especially as its adequacy must be judged as "a yielding of absolutes and an abandoning of highest hopes . . . Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation. . . ." Officers for Justice v. Civil Service Comm'n, 688 F. 2d 615, 624 (9th Cir. 1982). In addition, the settlement provides for payment to the Plaintiffs now, rather than a speculative payment many years down the road. See City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

16. The court expressly finds that this agreement constitutes a "fair and reasonable compromise of a bona fide dispute." Prater v. Commerce Equities Mgmt Co., 2008 WL 5140045 at *2 (S.D. Tex. Dec. 8, 2008). As such, the court approves this settlement and the Release and Settlement Agreement attached to the Joint Motion as Exhibit "A" and filed under seal.

IT IS THEREFORE ORDERED AND ADJUDGED that the settlement is reasonable, fair, was reached after extensive arms-length negotiations between the parties, and will efficiently resolve all issues in this matter and avoid protracted, expensive litigation.

IT IS FURTHER THEREFORE ORDERED AND ADJUDGED THAT:

1. The court approves the proposed settlement as set forth in the Joint Motion and in the Release and Settlement Agreement as fair and reasonable and in the best interests of the Plaintiffs;

2. The court approves the Release and Settlement Agreement attached to the Joint Motion as Exhibit "A" and filed under seal, and requires each Plaintiff to execute said Release and Settlement Agreement which releases their claims against Defendants;

3. The court orders Defendants to tender the settlement proceeds to counsel for

Plaintiffs no later than thirty (30) days from the date of entry of this Agreed Order; and

      4.      The court hereby dismisses Plaintiffs' claims <u>with prejudice</u>, in exchange for Defendants' payment of the total settlement sum as set forth in the Release and Settlement Agreement, which is inclusive of all taxes or other mandatory deductions. The court retains jurisdiction of this matter only to enforce the terms of the settlement, if necessary.

    SO ORDERED THIS this the 11th of December, 2015.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**

**AGREED TO AS TO FORM AND CONTENT BY:**

| By: /s/*Brad Dillard* | By: /s/*Nick Norris* |
|---|---|
| Attorneys for Defendants | Attorney for Plaintiffs |
| MB Number 10114 | MB Number 101574 |